IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORO LONCAREVIC,<br>*Petitioner*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-2634 |
| VIRGINIA DIANA LONCAREVIC,<br>*Respondent*. | § § § § | |

# OPINION

Before the Court is Petitioner Boro Loncarevic's ("Petitioner") Motion for Attorney's Fees. (Doc. No. 32). Respondent Virginia Diana Loncarevic ("Respondent") failed to respond. After consideration of the Motion, the evidence, and the law, the Court hereby **GRANTS in part** Petitioner's Motion. (Doc. No. 32).

## I. Background

*Factual Background*

This case concerns the removal and retention of a two-year-old boy, JL, in the United States. Petitioner is JL's father, a resident of Germany. Respondent is JL's mother. Petitioner and Respondent had been living in Munich, Germany for many years, including when they got married in 2022. They continued to live in Munich (where JL was born) for their entire marriage until the events that triggered this lawsuit transpired. Respondent's mother is a United States citizen, making Respondent, and therefore JL, citizens of the United States. As noted above, the parties have lived in Germany for many years, and JL has lived exclusively in Germany up until May of 2024, when Respondent brought him to the United States.

In May of 2024, Respondent traveled with JL from Germany to Texas. It is undisputed that, prior to this time, the parties extensively discussed moving to the United States. When

Respondent did not return to Germany with JL, Petitioner filed a Request for Return under the Hague Convention with the United States Department of State.

*Procedural Facts*

On July 15, 2024, Petitioner filed a Motion for Order Prohibiting the Removal of the Child and for Expedited Show Cause Hearing and Final Evidentiary Hearing. (Doc. No. 1). The next day, Petitioner filed the Verified Petition. (Doc. No. 2). Petitioner filed this lawsuit under the Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") and its implementing legislation, the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq ("ICARA").

The Court held an evidentiary hearing in which both Petitioner and Respondent were able to present evidence and testify. After the hearing, the Court granted Petitioner's motion and ordered that JL be returned to Germany. (Doc. No. 30). Petitioner subsequently moved for attorney's fees. (Doc. No. 32).

## II. Legal Standard

With respect to the award of attorney's fees and costs, ICARA provides, in pertinent part, as follows:

> Any Court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such an award would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). An award of fees and costs serves two purposes: (1) "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and (2) "to deter such removal or retention." Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed.Reg. 10494–01, 10511 (Mar. 26, 1986).

2

The determination of a reasonable attorney's fee is a matter of discretion with the Court. *Salazar v. Maimon*, 750 F.3d 514, 518 (5th Cir. 2014). In determining the amount of reasonable attorney's fees to award under ICARA, federal courts typically apply the lodestar method. *See Id.* at 523. The calculation of fees under the lodestar method is a two-step process. The Court first calculates the lodestar amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rate. In the second step, the Court considers whether to adjust the lodestar amount based upon the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). There is a strong presumption that the lodestar amount is reasonable. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

The *Johnson* factors are important for the Court's consideration, but no factor is dispositive. *Montgomery v. State Farm Lloyds*, No. 23-11126, 2024 WL 2369415, at *1 (5th Cir. May 23, 2024). The reasonableness of attorney's fees is considered in light of the following guidelines: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

### III.   Analysis

As to step one, the Court first determines a reasonable hourly rate for the attorney's work. Reasonable hourly rates are typically calculated through affidavits by attorneys practicing in the

3

community in which the district court is located. *Tollett v. City of Kemah, Tex.*, 285 F.3d 357, 368 (5th Cir. 2002). "In calculating the lodestar, '[t]he court should exclude all time that is excessive, duplicative, or inadequately documented.'" *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016). Petitioner seeks $54,112.59 in attorney's fees. (Doc. No. 32-4 at 1). This reflects a lodestar calculation of 155.75 hours at $347.43 per hour. (Doc. No. 32-2).

Next, the Court must determine whether the hours claimed were "reasonably expended" on the litigation. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995) (per curiam). The fee applicant (in this case, Petitioner) bears the burden of establishing the reasonableness of the number of hours expended on the litigation and must present adequately documented time records to the court. *See Homer v. Homer*, No. Civ. A. 4:21-CV-02789, 2022 WL 4290465 at *5 (S.D. Tex. 2022). Parties submitting fee requests are also required to exercise "billing judgment," which "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Walker v. United States HUD*, 99 F.3d 761, 769 (5th Cir. 1996).

The total number of hours billed in this case is 155.75. (Doc. No. 32-2). Conducting a comprehensive review of the evidence of attorney's fees submitted, the Court finds that there is evidence of billing judgment exercised by Petitioner's attorneys. For example, counsel often did not charge for communications with Petitioner, and did not charge for the time spent traveling to, and attending, the evidentiary hearing. (*Id.*). Thus, after a careful review of the record, the Court finds the hours claimed were reasonably expended and no reduction of the hours sought is warranted in this instance. Accordingly, the lodestar is calculated at $54,112.59.

The second step requires the Court consider whether to adjust the lodestar amount based upon the twelve *Johnson* factors. The Fifth Circuit has reasoned that "the most critical factor in the analysis is the 'degree of success obtained.'" *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d

205, 209 (5th Cir. 1998). Additionally, some of the factors are often included in the initial lodestar calculation; thus, the Court does not reconsider factors that were already considered during the initial lodestar calculation when deciding whether to adjust the lodestar. *See id.*

Petitioner's counsel attached a detailed billing record documenting the hours the attorneys worked and each service performed. (Doc. No. 32-2). They also attached the affidavit of Ashley Tomlinson, an attorney at the firm Petitioner engaged for representation, supporting the reasonableness of Petitioner's counsel's fee and hourly billing rate for the legal representation and supporting the *Johnson* factors. (Doc. No. 32-4). The Court has carefully considered each of the *Johnson* factors as applied to this case and determines that they are considered and accurately reflected in the lodestar. The Court again notes that the attorneys involved exercised billing judgment and were faced with a case involving an expedited nature. Petitioner also obtained the relief he sought, that is, JL's return to Germany. Therefore, having considered the strong presumption of the reasonableness of the lodestar, the Court concludes that no adjustment to the lodestar is necessary.

Petitioner also seeks $8,999.46 for expenses and German counsel legal fees and costs. (Doc. No. 32 at 3). Specifically, Petitioner seeks reimbursement for transportation costs, such as flights, hotels, and taxis, fees associated with translating documents from German to English, and legal fees and costs related to the retention of German legal counsel. Petitioner has submitted supporting documentation for these expenses.

Petitioner tendered detailed invoices for translation fees, airline costs, lodging expenses, and transportation to and from court appearances. (Doc. No. 32-1). The Court has reviewed the supporting documentation for each of these costs and finds these expenses to be reasonable and

necessary to Petitioner's efforts to have JL returned to Germany under the Hague Convention. Thus, Petitioner has established that he is entitled to recover these costs in the amount of $4,384.55.

On the other hand, Petitioner has not established that he is entitled to recover the claimed cost related to the retention of German legal counsel. Petitioner proffered the invoices and CV of his German counsel, Dr. Niethammer-Jurgens. (Doc. No. 32-1). Nevertheless, the attached invoices are not translated. As such, the Court cannot utilize the lodestar method to determining the amount of reasonable attorney's fees to award under ICARA. Petitioner is not entitled to the claimed amount of $4,614.91 for this cost.

## IV.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** in part Plaintiff's Motion for Attorney's Fees in the amount **$58,497.14.** Respondent shall pay $54,112.59 to Laura Dale & Associates, P.C., with the remaining $4,384.55 to be paid by Respondent to Petitioner. Post-judgment interest shall accrue on all amounts awarded in this Order at the rate of **3.98%**, compounded annually, from the date this Order is entered until the amount awarded is paid in full.

Signed at Houston, Texas, on this the 22nd day of April, 2025.

Andrew S. Hanen
United States District Judge